# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GATEWAY PLASTICS, INC.,**
**f/k/a GLENDALE PLASTICS, INC.,**

        **Plaintiff,**

   **vs.**

**WEATHERCHEM CORPORATION,**

        **Defendant.**

        **Case No. 02-C-870**

**WEATHERCHEM CORPORATION,**

        **Counterclaimant,**

   **vs.**

**GATEWAY PLASTICS, INC.,**
**f/k/a GLENDALE PLASTICS, INC.,**

       **Counterdefendant.**

## DECISION AND ORDER

Gateway Plastics, Inc., ("Gateway") seeks leave to amend its amended complaint to dismiss with prejudice the infringement count which it asserts against Weatherchem under the "Gateway Plastic Patents," based on the "on sale mold/mold sold twice" theory set forth by Weatherchem and in the interests of justice. Gateway states that, if the motion is granted, it will file a Second Amended Complaint deleting the Infringement Count – paragraphs 30 through 35 – and the corresponding portion of the prayer for relief. Gateway suggests that any award of costs should await the final resolution of this case.

Weatherchem responds that either Gateway's motion should be denied or, alternatively, granted subject to certain conditions.[1] (Weatherchem's Mem. in Opp'n to Pl.'s Mot. to Amend its Am. Compl. to Dismiss its Infringement Count with Prejudice ("Weatherchem's Opp'n Mem.") at 38.)

In reply, Gateway maintains that Weatherchem is entitled to no greater relief than it could obtain if the infringement count was actually litigated to final judgment; to wit, a ruling that the asserted claims are invalid and dismissal, with prejudice, of the infringement count. Hence, Gateway states that it will stipulate to the facts underlying the "on sale mold" theory of invalidity set forth by Weatherchem in an interrogatory answer dated March 31, 2004, and facts otherwise made known upon inspection of the "on sale mold" at the Procap/Resibel N.V. facility in Wiltz, Luxembourg on May 12, 2004, by counsel for the parties. (Gateway's Reply Br. in

---

[1] The conditions asserted by Weatherchem are that: (1) Gateway grant Weatherchem a covenant not to sue under the Gateway patents-in suit (United States Letters Patent No. 5,971,231 ('231 Patent) and No. 6,250,517 ('517 Patent) and any patents which issue from an application that is based on, or claims priority from the patents-in-suit; (2) the Court enter findings that the patents-in-suit are invalid and unenforceable for the reasons set forth in Weatherchem's Brief in Opposition to Gateway's Motion for a Preliminary Injunction and in Weatherchem's Response to Gateway's Interrogatory No. 2; and (3) Gateway be required to pay Weatherchem's reasonable attorney's fees and costs incurred in this matter since at least July 23, 2003.

Supp. of Mot. of Gateway under Fed. R. Civ. P. 15(a) for Leave to Amend the Am. Compl. to Dismiss the Infringement Count Asserted Against Weatherchem at 22.)  In addition, Gateway states it will file a disclaimer of the Asserted Patent Claims in the PTO, ensuring that such claims will never be asserted in the future.  *See* 35 U.S.C. § 253.

Disposition of a motion to amend a complaint in a patent action is a non-patent matter governed by law of the circuit in which the district court sits.  *Innova/Pure Water, Inc., v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1124 (Fed. Cir. 2004).  Gateway invokes Fed. R. Civ. P. 15 in seeking leave to amend its complaint, but states that the motion also could be considered under Fed. R. Civ. P. 41.  Weatherchem concurs, correctly, that Rule 15 is applicable.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Rule 15(a) "evinces a bias in favor of granting leave to amend" and unless there is a substantial reason to deny leave to amend, "the discretion of the district court is not broad enough to permit denial."  *Select Creations, Inc. v. Paliafito Am., Inc.*, 830 F. Supp. 1213, 1216 (E.D. Wis. 1993).  However, the Court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile.  *Bethany Pharm. Co. v. QVC*, 241 F.3d 854, 860-61 (7th Cir. 2001) (citing *Foman*, 371 U.S. at 182).

Despite Weatherchem's assertion to the contrary, Gateway did not unduly delay in seeking leave to amend.  The file reveals that Gateway and Weatherchem were engaged in

genuine, but protracted efforts, to resolve this entire action from May 12, 2004 to January 12, 2005. During that time, the filing of a motion to amend would have occasioned additional (and, seemingly superfluous) labor and expense for both Gateway and Weatherchem. Also, given the vigorous nature of the settlement negotiations, presenting the motion to amend to the Court could have been deemed frivolous. It might also have derailed settlement efforts.

Weatherchem cites several decisions in urging that Gateway has waited too long to amend its complaint. *See* Weatherchem's Opp'n Mem. at 28 (citing *Kleinhans v. Lisle Sav. Profit Sharing Trust*, 810 F.2d 618, 625 (7th Cir. 1987); *Ferguson v. Roberts*, 11 F.3d 696, 706-07 (7th Cir. 1993); *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 (7th Cir. 1995); *Swanson v. Van Otterloo*, 177 F.R.D. 645, 649 (N.D. Iowa 1998)). Each case is distinguishable.

*Kleinhaus*, 810 F.2d at 625, involved denial of a motion to amend an ERISA complaint to state a claim for punitive damages. The denial was upheld because the proposed amendment – made after the close of discovery and the defendants' filing of a summary judgment motion – was not based on any information unknown to the plaintiff when he filed his original complaint. Additional discovery would have been necessary and the amendment would have been futile because punitive damages are not recoverable under ERISA. In the present action, additional information prompted the amendment, the delay is understandable, no additional discovery would be required and, unlike *Kleinhaus*, the amendment will **eliminate** a futile claim.

The court in *Ferguson*, 11 F.3d at 706-07, denied the plaintiffs' motion to file a third amended complaint to expand their securities action claims against the defendants to include new complex and serious charges, which would require additional discovery. The trial date was

also fast approaching and the trial court believed that the proposed amendment was a tactic to postpone the trial date. Gateway's proposed amendment presents none of the factors cited in *Ferguson*. Rather, it will eliminate a claim, now known to be without merit, and allow the parties and the Court to bring to resolution the worthy issues presented.

*Sanders*, 56 F.3d at 775, involved the denial of the plaintiffs' motion to amend their Title VII complaint to add claims and parties. The denial of leave to amend was upheld on appeal because the amendment would delay the action and prejudice the original defendant as well as the four proposed defendants. The original defendant would have been required to incur additional discovery costs. In upholding the denial, the appellate court relied in part upon the national policy implicit in Title VII legislation that there should be no delay in processing Title VII employment discrimination cases. While this dispute filed in 2002 certainly should be resolved, the proposed amendment will not impede its resolution.

*Swanson*, 177 F.R.D. at 649, an Iowa district court case, which is not binding upon this Court is also inapposite. The district court upheld the magistrate judge's denial of the defendants' motion to amend their answer to include a qualified immunity defense. The court reasoned that the proposed amendment was submitted eight months after the deadline for amendment of pleadings, two months after the summary judgment motion raising the defense, and only two months prior to trial.

Weatherchem states that it will be prejudiced by the late amendment because it has already expended almost 1.5 million dollars in this case and borne the burden of briefing the claim construction issues for Gateway's patents. Further it states the "on-sale" theory of

invalidity – that the Gateway '231 Patent and the '517 Patent are invalid because the mold sold by Weatherchem to Resibel N.V. and used to make the mystery cap is prior art under 35 U.S.C. § 102(b) and §103(a) – was first documented by Weatherchem on March 31, 2004.

However, briefing on Gateway '231 and '517 Patents claim construction issues was completed on September 30, 2003, and the Court issued its claim construction decision on those patents on December 17, 2003. Moreover, from May 12, 2004, to January 12, 2005, Gateway's patent infringement claims were stayed while the parties attempted to settle this entire action.

Having carefully considered the relevant circumstances, this Court concludes that the interests of justice dictate that Gateway's motion to amend its complaint to delete the infringement count be granted with the conditions to which Gateway agreed to in its reply brief. Elimination of the count, conceded by Gateway as no longer viable, will conserve the resources of the parties and the Court. Weatherchem has not established that it will be prejudiced if Gateway is allowed to amend its complaint to eliminate the infringement count. The question of whether to award attorney's fees will await final disposition of this action.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

> 1. Gateway's motion to amend is **GRANTED,** and pursuant to Gateway's agreement, Gateway **SHALL** stipulate to the facts underlying the "on sale mold" theory of invalidity set forth by Weatherchem in an interrogatory answer dated March 31, 2004, and

facts otherwise made known upon inspection of the "on sale mold" at the Procap/Resibel N.V. facility in Wiltz, Luxembourg on May 12, 2004, by counsel for the parties and **SHALL** file a disclaimer of the Asserted Patent Claims in the PTO, ensuring that such claims will never be asserted in the future.

2. Gateway may file and serve a Second Amended Complaint.

3. Weatherchem **SHALL** plead in response to Gateway's Second Amended Complaint within 10 days after the service of that pleading.

4. The parties **SHALL** participate in a telephone scheduling conference, to set a new date for dispositive motions, and dates for a final pretrial conference and trial, with the Court **on November 15, 2005 at 9:30 a.m.** The Court will initiate the call.

Dated at Milwaukee, Wisconsin this 11th day of October, 2005.

**BY THE COURT**

**s/ Rudolph T. Randa**

**Hon. Rudolph T. Randa**
**Chief Judge**